UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**FRANK RAY SHOOP,**

      **Plaintiff,**

     v.                       **Civil Action 2:15-cv-2718**
                                **Judge George C. Smith**
                                **Magistrate Judge Elizabeth Preston Deavers**

**GARY MOHR,** *et al.*,

      **Defendants.**

## REPORT AND RECOMMENDATION

Plaintiff, Frank Ray Shoop, a state inmate who is proceeding without the assistance of counsel, brings this civil rights action under 42 U.S.C. § 1983 for declaratory, injunctive, and monetary relief against a number of Defendants, alleging a variety of conditions-of-confinement and First Amendment retaliation and access-to-courts claims. This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims against the Defendants employed directly by the Ohio Department of Rehabilitation and Correction (collectively "the ODRC Defendants") and **TRANSFER** this action to the United States District Court for the Northern District of Ohio Western Division at Toledo.

**I.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[2] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \*   \*   \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual

---

[2] Formerly 28 U.S.C. § 1915(d).

demands on the authors of complaints." *16630 Southfield Ltd.*, *P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

## II.

Plaintiff is an inmate at Grafton Correctional Institution ("GCI"), a prison in Lorain County, Ohio. Prior to being transferred to GCI on April 17, 2015, Plaintiff was an inmate at Marion Correctional Institution ("MCI"), a prison in Marion County, Ohio. In both his Complaint and his Amended Complaint, Plaintiff identifies six claims. With the exception of Plaintiff's medical indifference claim, which he identifies as his sixth and final claim, all of his

claims arise from incidents that he alleges occurred at MCI. His sixth claim arises from incidents he alleges occurred primarily at GCI. In addition to naming a number of Defendants residing in Marion and Lorain County, Plaintiff names Gary Mohr, the ODRC Director, as well as eight other individuals who are employed in some capacity at ODRC.

Plaintiff has failed to state plausible claims for relief against the ODRC Defendants. In order to plead a cause of action under § 1983, a plaintiff must plead two elements: "(1) deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citing *McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 463 (6th Cir. 2006)). To sufficiently plead the second element, a plaintiff must allege "personal involvement." *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (citation omitted). This is because "§ 1983 liability cannot be imposed under a theory of *respondeat superior*." *Id.* (citation omitted). Thus, to hold a supervisor liable under § 1983, a plaintiff "must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct . . . ." *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). Here, neither Plaintiff's Complaint nor his Amended Complaint provide sufficient factual content or context from which the Court could reasonably infer that the ODRC Defendants were personally involved in any violation of Plaintiff's rights. Rather, Plaintiff has alleged dissatisfaction with the ODRC Defendants' handling of his administrative grievances, which fails to state a claim because "there is no inherent constitutional right to an effective grievance procedure." *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (citing *Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); and *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)).

Moreover, to the extent Plaintiff seeks to assert a claim for damages against the ODRC Defendants in their official capacities, his claims also fail. The Eleventh Amendment of the United States Constitution operates as a bar to federal-court jurisdiction when a private citizen sues a state or its instrumentalities unless the state has given express consent. *Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1983); *Lawson v. Shelby Cnty.*, 211 F.3d 331, 334 (6th Cir. 2000). "It is well established that § 1983 does not abrogate the Eleventh Amendment." *Harrison v. Michigan*, No. 10-2185, 2013 WL 3455488, at *3 (6th Cir. July 10, 2013) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)). Because Ohio has not waived its sovereign immunity in federal court, it is entitled to Eleventh Amendment immunity from suit for monetary damages. *Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999). Accordingly, to the extent Plaintiff seeks to assert claims for compensatory damages against the ODRC Defendants their official capacities, the Court must dismiss those claims as barred by the Eleventh Amendment.

Plaintiff's remaining claims are against Defendants who do not reside in this district and concern the conditions of his confinement and the propriety of certain incidents that he alleges occurred at MCI and GCI, which are located in Marion and Lorain County, Ohio, respectively. Venue in this Court is, therefore, not proper. *See* 28 U.S.C. § 1391 (venue is proper in the judicial district where any defendants reside or in which the claims arose). Accordingly, because five of Plaintiff's six claims arose from incidents occurring at MCI, it is **RECOMMENDED** that this action be **TRANSFERRED** pursuant to 28 U.S.C. § 1406 or 1404(a) to the United States District Court for the Northern District of Ohio Western Division at Toledo, which serves Marion County.

**III.**

For the reasons set forth above, it is **RECOMMENDED** that Plaintiff's claims against the ODRC Defendants be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e) and 1915A. It is further **RECOMMENDED** that this action be **TRANSFERRED** pursuant to 28 U.S.C. § 1406 or 1404(a) to the United States District Court for the Northern District of Ohio Western Division at Toledo.

The Clerk is **DIRECTED** to send a copy of this order to the Ohio Attorney General's Office, 150 E. Gay St., 16th Floor, Columbus, Ohio 43215.

**PROCEDURE ON OBJECTIONS**

If Plaintiff seeks review by the District Judge of this Report and Recommendation, he may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

Plaintiff is specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate

review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).


**Date: October 5, 2015**                   */s/ Elizabeth A. Preston Deavers*
                                            **ELIZABETH A. PRESTON DEAVERS**
                                            **UNITED STATES MAGISTRATE JUDGE**

7